UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MELISSA CULBERTSON, individually, as the next of kin and surviving spouse and as the personal representative of the Estate of BOB JAMES CULBERTSON, deceased, <br><br> Plaintiff, <br><br> v. <br><br> INDIAN PATH HOSPITAL, INC. d/b/a INDIAN PATH MEDICAL CENTER; INDIAN PATH, LLC; MOUNTAIN STATES HEALTH ALLIANCE d/b/a Indian Path Medical Center; LUCIEN ABBOUD, M.D.; BETH ANNA McCURLEY, M.D.; and BRIAN P. DONOVAN, M.D., <br><br> Defendants. | NO.: 2:11-CV-275 |

MEMORANDUM OPINION AND ORDER

This medical malpractice matter is before the Court on three motions for summary judgment: (1) "Motion for Summary Judgment Filed on behalf of Defendant Brian P. Donovan, M.D.," [Doc. 43], (2) "Motion for Summary Judgment Filed on behalf of Defendants Lucien Abboud, M.D., Beth Anna McCurley, M.D., and Brian P. Donovan, M.D.," [Doc. 50], and (3) "Motion for Summary Judgment Filed on behalf of Mountain States Health Alliance," [Doc. 52]. Thus, all remaining defendants have filed summary judgment motions.[1] In the second and third motions, the defendants move for summary judgment on the grounds that the testimony of plaintiff's only standard of care expert does not create a genuine issue of material fact. Plaintiff

---

[1] Indian Path Hospital, Inc. and Indian Path, LLC were voluntarily dismissed pursuant Rule 41(a)(1) of the Federal Rules of Civil Procedure on December 5, 2011.

filed one Response to all three motions, [Doc. 57]. In the Response, she does not dispute that her standard of care expert recanted his previously disclosed opinions. As a result, the plaintiff does not have expert medical proof on this issue. In addition, the time for disclosing experts has passed. Thus, the plaintiff states she is unable to "properly and appropriately respond and oppose the Motions." [Doc. 57, pg. 1]. Instead, the plaintiff moves the Court to dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). For the reasons set forth below, the plaintiff's request for dismissal without prejudice is DENIED, the second and third motions for summary judgment are GRANTED, [Docs. 50 and 52], and the first summary judgment motion filed on behalf of Brian P. Donovan, M.D. only is DENIED AS MOOT, [Doc. 43].

Again, the plaintiff asks the Court to voluntarily dismiss the case without prejudice pursuant to Rule 41(a)(2). It is within the Court's discretion whether to allow such a dismissal, and abuse is usually found where the defendant would suffer plain legal prejudice. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953-54 (6th Cir. 2009). The Sixth Circuit has held that "it is an abuse of discretion for the district court to rely on erroneous findings of fact, apply the wrong legal standard, misapply the correct legal standard, or make a clear error in judgment." *Bridgeport Music, Inc.*, 583 F.3d at 953 (citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 6h Cir. 2006)). In determining plain legal prejudice, this Court should consider the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant. *Id*. Courts have "readily [found] plain legal prejudice where dismissal results in stripping a defendant of an absolute defense." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed.

2

Appx. 498, 500 (6th Cir. 2007) (per curiam). The Sixth Circuit has emphasized that "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 719 (6th Cir. 1994). However, "[a] Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc.*, 583 F.3d at 953.

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S.

at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

In this diversity action, Tennessee law applies. To prove medical malpractice, the plaintiff must establish: (1) the recognized standard of acceptable professional practice for the profession and specialty that the defendant practices in the community in which he practices or a similar community; (2) that the defendant acted with less than or failed to act with reasonable care in accordance with that standard; and (3) that, as a proximate result of the defendant's negligence, the plaintiff's decedent suffered injuries which would not otherwise have occurred. Tenn. Code Ann. § 29-26-115. These elements must be established by expert medical testimony. *Bowman v. Hennard*, 547 S.W.2d 527, 530-31 (Tenn. 1977).

It is undisputed that the Scheduling Order's deadline for plaintiff to disclose her expert was August 1, 2012. Plaintiff only disclosed one standard of care expert. It is further undisputed

4

that at plaintiff's standard of care expert's deposition on January 21, 2013, he recanted his previously disclosed opinions that the defendants had deviated from the standard of care. The second and third motions for summary judgment were then filed on January 23, 2013, [Docs. 50 and 52]. Then plaintiff filed her Response and included the request to dismiss without prejudice.

Based on these undisputed facts, this Court finds that granting the dismissal without prejudice would result in plain legal prejudice to the defendants, for it would strip them of an absolute defense. Plaintiff cannot prove her medical malpractice claims without expert proof as to the standard of care. She has no such proof. Thus, the law clearly dictates a result in favor of the defendants. As such, this Court cannot grant the request for dismissal without prejudice.

In addition, it is undisputed that the plaintiff is without expert medical proof that the defendants deviated from the standard of care. This evidence is essential to prove a medical malpractice claim. Therefore, there is no genuine issue of fact for trial. The defendants' motions for summary judgment are GRANTED, [Docs. 50 and 52]. Defendant Donovan's additional motion for summary judgment, [Doc. 43], is hereby DENIED AS MOOT. Finally, this matter is DISMISSED WITH PREJUDICE.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE